# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID WHEELER,<br><br>           Plaintiff,<br><br>vs.<br><br>LUXOR SECURITY DEPARTMENT,<br><br>           Defendant. | Case No. 2:11-cv-00099-PMP-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff David Wheeler is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint on January 19, 2011. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's Complaint does not state a claim under section 1983 because Plaintiff has not named any state actor as a defendant. Plaintiff's Complaint alleges that he was discriminated against by other security officers while he was employed by Luxor Security. Plaintiff alleges that during the 8 ½ years he was employed by Luxor Security, he was subjected to sexually charged harassment by his coworkers. He states that although he reported his coworkers' comments to his supervisors, no action was taken to remedy the situation. Plaintiff has attached his Charge of Discrimination he filed with the EEOC on

///

1  October 12, 2010, which states that he was terminated from Luxor Security for poor performance and
2  workmanship.

3    Based upon these factual allegations, it appears Plaintiff is attempting to state claims under Title
4  VII of the Civil Rights Act of 1964 for discrimination and retaliation.  *See* 42 U.S.C. § 2000e et seq.
5  Title VII allows a person to sue an employer for discrimination on the basis of race, color, religion,
6  gender or national origin if he or she has exhausted both state and Equal Employment Opportunity
7  Commission (EEOC) administrative procedures.  Once plaintiff files charges with the EEOC, the
8  commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the
9  employer or refer the decision to sue to the Attorney General if the charges are against a state or local
10 governmental entity.  *Id*.  If the EEOC or Attorney General decides not to sue and if there is no
11 settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff
12 will have exhausted his remedies with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the
13 right to sue letter, plaintiff may sue in federal or state court.  *Id*.; *see also Yellow Freight Sys., Inc. v.*
14 *Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, however, Plaintiff
15 has not attached a right to sue letter from the EEOC.  Thus, although it appears Plaintiff filed a claim
16 with the Nevada Equal Rights Commission, Plaintiff has not alleged that he received a right to sue
17 letter.  Thus, it is unclear whether Plaintiff has exhausted his administrative remedies.

18   Plaintiff's Complaint will therefore be dismissed, with leave to amend.  Plaintiff is informed
19 that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the
20 amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the
21 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an
22 amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files
23 an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in
24 an amended complaint, as in an original complaint, each claim and the involvement of each defendant
25 must be sufficiently alleged.
26 / / /
27 / / /
28 / / /

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.
4. Plaintiff's Complaint shall be **DISMISSED** with leave to amend. Plaintiff shall have thirty days to from the date of this order to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this order will result in a recommendation to the District Judge that the Complaint be dismissed

Dated this 14th day of February, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE